Good morning. Good morning. May it please the court. My name is Thomas Kummerow and I represent Mr. Nguyen and I'm trying to reserve about three minutes. Okay. Thank you. There were parallel prosecutions in this case. Prosecution in state court and a prosecution in federal court. Mr. Nguyen entered pleas of guilty in both cases. He entered a plea of guilty in the state court case first and then the federal case the following day. He subsequently moved to withdraw those guilty pleas in both forums. The state court heard the motion to withdraw the guilty plea first. Now in the state court he, Jeopardy had already attached, correct? The jury had been impaneled and it was in progress and then he decided to plead, correct? Correct. And he had a different attorney in state court than he did in federal court? Is that my understanding? Yes. The state court judge held a hearing and entered extensive findings as to the voluntariness of the plea. Mr. Nguyen moved to withdraw the plea based on involuntariness and ineffective assistance. And like I say, the state court judge made extensive findings as to the voluntariness. In federal court the same grounds were raised, involuntariness and ineffective. The federal court district court judge, as he said, he gave the state court decision full faith and comedy and found no legal basis for the motion. Well what does the defendant appoint, it appears to me the defendant doesn't point to any flaws in his federal plea agreement or plea proceedings. That his motion to withdraw is based entirely on purported defects in the state proceedings. So why shouldn't this court view the federal motion as an impermissible attempt to collaterally attack the state judgment? The problem we have here is the two prosecutions were inextricably intertwined. The bases raised in state court to withdraw the guilty plea are the exact same bases for withdrawing the guilty plea in the federal court. Both of these prosecutions, like I say, were inextricably intertwined. The prosecutors were cross-designated. They ran parallel. The federal prosecution was stayed pending the state court trial. And once the trial was recessed and the plea entered, there were negotiations going on in both forums for a plea of guilty. And essentially those pleas were based on each other. I mean you had to plead in one in order to plead in the other. So it's not a collateral attack on the federal conviction. It is a separate motion to withdraw. It happens to be based on the same grounds as in the state court. But it's the exact same grounds here, involuntariness of plea and ineffective assistance of his state court trial attorneys. But that essentially entered into whether or not he entered the plea in the federal case. I guess I just have one question. Why doesn't the appellate waiver bar this appeal? You talk a lot in your briefs about paragraphs 4 and 12 of the plea agreement. But it seems to me they unambiguously bar the appeal of the appellant's conviction. As I pointed out, the United States v. Geronimo talks about a waiver is enforceable where it is clear and unambiguous on its face. There are several paragraphs that talk about waiver of appeal in the plea agreement. There's paragraph 4, subparagraph H, which is in the supplemental excerpts of record at page 4. Well, what's ambiguous in the federal plea, though, about that he waived, quote, the right to appeal a finding of guilt or any pretrial rulings? Correct. How is that statement ambiguous? We have to read it with the rest of the time so they talk about the waiver of appeal. We've also got it in paragraph 5, sub D, where it says, defendant may now withdraw the guilty plea solely because of the sentence imposed by the court. And then later in paragraph – Where is that? Paragraph 5? That's paragraph 5, subparagraph D, as in David. Defendant may not – it's at the very end of the page on the supplemental excerpt of record, page 4. There's nothing about an appeal there, is there? It says, defendant may not withdraw the guilty plea solely because of the sentence imposed. But that has nothing to do with waiving an appeal. Well, it has to do with the waiver. That's an appeal there. And then we go on to paragraph 12, which is in the supplemental excerpt of record at page 7. Twelve, both of the subs, sub A and sub B, the waiver of appeal, it says, you waive any right conferred by Title 18 U.S. Code 3742 to appeal the sentence. Then in B, any right to bring a collateral attack against the conviction and sentence, any collateral attack. So you've got – Well, so it just seems like, to me, it's like piling on. It doesn't seem like it's getting better for him. I mean, it's the right you waive, you waive, you waive, you waive. Sure, but you've got an ambiguity here. In one paragraph, you're saying you waive the right to appeal any finding of guilt or any pretrial rulings. Okay, now – You waive the right to a collateral attack, which is what he's doing. Actually, no, because it's before sentence, so it's not a collateral attack. It's an actual motion to withdraw the guilty plea. But you just said that the two are so inextricably bound that we have to look to the State, you know, that his success depends on infirmities in a State court plea. Well, it doesn't rely solely on that. It's based upon that, the bases of both motions to withdraw are based on common grounds. Well, see, I guess maybe we're sort of talking past each other because every time you're saying something, I just want to say I rest my case. Because I just said you're saying that it's a collateral attack, and then you're saying, no, it's not, and then you're going like this back and forth. Yes. I'm making hand motions for the record. Yeah, exactly, so am I. The Federal Court motion, if you look at what the bases are, the Federal Court attorney based it solely upon the State court attorney's motion, which raises the same questions in Federal Court as it does in State court because there's a question about the voluntariness of the plea and the question of effective assistance of counsel. They happen to be similar bases. Did the defendant appeal the State case? Yes, and that's still pending. What happened? Still pending? That's still pending. Yes. What do you do with the case of United States v. Walkman? I'm not familiar with that. I'm sorry. It was in that particular case a waiver of right to appeal any aspect of defendant's convictions extended to appeal from denial of motion to withdraw a guilty plea, a Ninth Circuit case in 2011, which was cited in the briefs. I go back to Geronimo. Geronimo is my safe place because my argument here is the plea agreement is ambiguous as to whether or not he can appeal his. Well, what exactly is ambiguous about that? Point me to one specific ambiguity. The way you read Paragraph 4 and Paragraph 12 together. In Paragraph 4 it says he waives the right to appeal a fine. All right. So he's a judge. He says he's appealed the guilt and he's appealed the pretrial. Okay, that's Paragraph. That's Paragraph 4. All right, 4. So those waivers are okay. Now what? 12 talks about the sentence. So you've got an ambiguity. Why is it an ambiguity? It's only talking about the sentence. It just makes it broader. From my standpoint, it's an ambiguity. You know, if you have a, oh, it will say to make it ambiguous. It's a credit card contract, right? It says, okay, Paragraph 1, I agree to pay a fine and charge of X single month. Paragraph 10, I agree to pay a late payment charge. Does that make it ambiguous? It would be my argument as to this plea. If it was the same as this plea agreement, my argument is, yes, it's ambiguous. Why? Because they cover, are you saying all appeal rights have to be in one paragraph? Is that what you're saying? If it says waiver of a right, yes. Why does the case ever say that? They talk about. No case says that everything has to be in Paragraph 4, does it? Well, this case could. That would be my argument is that you've got to figure out. That is your argument. Exactly. That's the whole of it. In other words, instead of having it in Paragraph 4, if you have Paragraph 4 and Paragraph 5, it's ambiguous. If you've got things that say different things in the different paragraphs, yes. I'm trying to save a couple of minutes for a rebuttal. Yes, okay. So I've got a couple of minutes left. Go ahead. Yeah, I'll give you two minutes for a rebuttal. Thank you. Good morning. Good morning. May it please the Court, I'm Todd Greenberg for the government. There's nothing ambiguous here at all. Well, let me ask you, why isn't all the, you know, as Mr. Karmel has argued, why aren't all the appeal waivers in the same paragraph? Well, I'm not sure that there's any input to that. It could have been better drafted. Well, they're different. They're different waivers. The waiver in Paragraph 4 is associated with all of the rights that are essentially waived by any guilty plea.  Oh, no, no, no, no. Because a lot of, you know, waivers, they include the waiver of the sentence. Well, that's an additional waiver. So it's like – No, wait. Why is it additional? Why isn't it part of waiving the bill? Well, I think this is – the argument that this is ambiguous is like saying the sky is blue and the sun is out are ambiguous. They're just two – No, no. They're just two things that are going on at the same time. No, what makes it ambiguous is Paragraph 4 says you're waiving these rights. And then eight paragraphs later, you know, it says, no, you're waiving these rights. And then, you know, I think the judge himself was confused at the trial court, right? I don't think so. He only referred to one set of waivers. No, that's not correct. Does that mean the other set doesn't apply because he only referred to one set? No, he referred to both sets, in fact. How do you refer to both sets? Right. So at Supplemental Excerpts of Record 37 to 38, the district judge went over the Paragraph 4H waiver, which is the – Okay. Correct. Go ahead. So that's the portion of the record when the district judge went over the waiver of the right to appeal a finding of guilt in any pretrial rulings. So that's Paragraph 4H. And then a separate and additional and non-ambiguous waiver is contained later in the plea agreement, and that was reviewed by the district judge at Supplemental Excerpt of Record 43 and 44, and that's the waiver of the sentence appeal. And then 44? 43 to 44, Your Honor, is where the court reviewed Paragraph 12. There it says, all right, so you appeal – excuse me, you waive the right under Title 18 to appeal the sentence. Right, and as well as page 49 of the Supplemental Excerpt of Record. 49. Do you get a line number there? It looks like it's at line 19. 19. 49, line 19. Oh, I'm sorry, 43. No, no. Follow the heels of the state sentencing? No, I'm sorry, Your Honor, I'm looking at the wrong page number. It's 43, S-E-R 43, line 19. All right. Oh, yeah. Paragraph 12 in Title of Appeal Waiver. Correct. So the district judge went through both of the waiver provisions, and they're not inconsistent with each other in any way. They're just additional things. In one paragraph, you waive one thing. In another, you waive a second thing. There's nothing ambiguous about that, and certainly the defendant indicated his understanding of it in both the plea agreement by signing that as well as during the very thorough plea colloquy here. So I don't think there is any meaningful argument that this was ambiguous. Regarding the first argument that was advanced this morning by – the merits of the argument, right? In other words, that his motion should have been granted. Well, I think that – Which depends on – what does the rule say? You have to have some kind of good reason or something like that. Fair and just. Fair and just reason, right? Correct. Now, as I understand, this reason was based upon either what happened or what was, you know, written in the papers in the state court, right? That's correct. Now, why isn't that a – what is it called? Fair and just reason. Well, because it has nothing at all to do with his federal guilty plea. The defendant doesn't point out anything regarding the federal guilty – the federal plea agreement, the plea process, the plea colloquy in federal court that was defective. He doesn't – Well, let me take you a step further on that. I think what Judge Tshishima is saying, even though the defendant relies solely on purported flaws in the state proceedings to just – he says he doesn't, but the going back and forth, I think that there's a good argument to justify his federal motion to withdraw. He is essentially arguing that his federal plea was flawed to the extent it was dependent on his state plea. Given the derivative nature of the defendant's federal plea, why wasn't the district court obligated to independently determine that the state plea was properly taken? Well, that would be an impermissible collateral review of a state court issue. The Supreme Court has said in the Ricketts case that the interpretation of a state guilty plea in state court under state law is left to a state court. I mean, that's only natural. So – Ricketts was not a case like this, was it? I mean, defense is this is like a package deal. You know, one dependent on the other. Well, Ricketts was not exactly like this case, but it stands for the very proposition that federal courts do not conduct an independent review of a state plea agreement under state law. I mean, that is the law. Unless it affects the validity of the federal plea. Well, sure. I mean, federal courts surely have the – And that is defense's position that it does affect the validity of the federal plea because it's all one package. In other words, he's saying I want to plead guilty in federal court unless, you know, my deal went through in the state court. It's all together. But that wasn't in fact the plea agreement in federal court. No, I'm saying that's his contention, but that's his contention. That is his contention, and that's incorrect. The federal plea agreement – Whether it's correct or not, though, but when a defendant makes that contention, then doesn't the federal court have to, you know, look behind the federal police, so to speak, look at the state proceedings and see, you know, if his contention is correct or not? No, that's up to the state court. The state court is the arbiter of what occurred in state court, the factual findings, the credibility determinations, the interpretation of the state court plea agreement. Those are questions of state law for the state court to determine, and that's exactly what happened here. But if there's a question, isn't there a duty on the part of the district court judge to hold an evidentiary hearing? Well, only if there is an allegation that relates to the proceeding before the federal judge, and there was not one. There was no claim, for example, in state court, there was a complaint about the attorneys didn't review the plea agreement with the defendant. That's something the state court dealt with and rejected. But in federal court, there was no such claim. There was no complaint about the federal defense counsel. There was no complaint about the interpreters in federal court. There was never an allegation that the defendant didn't understand the elements of the crimes that he was pleading guilty to in federal court. None of that was brought before the district court. So the district court had nothing to hold an evidentiary hearing about as it related to the federal proceeding. So it just had to give full faith and credit to the state court proceeding. Well, full faith and credit, I mean, I don't know exactly what would arise from that phrase, but I think the judge was saying simply, hey, all of these facts that are alleged here, these are things that supposedly happen in state court, things that relate to a state plea agreement that is governed by state law. And I'm not going to collaterally review that. The state court has made a ruling as to those things, and the court just simply did not second-guess that. But yet independently applied federal law and the fair and just reason standard to review the federal plea agreement and found that there was no reason at all, much less a fair and just reason to withdraw the federal plea. So your argument is, first, it should be dismissed because of the appeal waiver, that your position is that it was unambiguous, and therefore. But alternatively, the district court should be affirmed because the district court reviewed it and there was no basis set that it was knowing involuntary in federal court. That's correct, Your Honor. All right. Anything else? Unless there are other questions from the court. No. There do not appear to be. Thank you for your argument. Thank you, Your Honor. You have two minutes. If the district court judge had said exactly what Mr. Greenberg had said, we wouldn't be here now. That was a very detailed analysis of what was going on at the time. The district court didn't do that. The district court just said give full faith and comity to the state court hearing. That was it. As to the waiver of appeal, if you look at the titles of those two paragraphs, Paragraph 4 and Paragraph 12, Paragraph 4 talks about rights waived by pleading guilty. So you assume that I'm waiving all of these rights, and one of those is the right to appeal a fine of guilt or any pretrial ruling. Okay, that makes sense. Now we read Paragraph 12, and we have waiver of appeal. Okay, what happened here? I already waived all those, and now we're talking about just appealing the sentence. So have I waived the right to appeal the conviction, or did I waive the right to appeal just the sentence? And that's why my argument is that it's ambiguous. What about both? Well, if you read them together, they both seem to be saying this is what I'm waiving, but yet one's saying this is all the rights I'm waiving, but yet he admits I'm waiving these others. No, it doesn't say this is all the rights. It lists these rights, and it doesn't say, and only these, does it? Well, it does say rights waiving by pleading guilty. I know that. Rights are waived, but it doesn't say these rights and only these, does it? I think it implies that. That's what you want us to imply. Absolutely. Even though the agreement contains other waivers. It contains other waivers, and essentially that's why it makes it ambiguous. And you should ignore Paragraph 12. Don't ignore it. You have to read it in, but read it in because it's ambiguous. You've got two different things going on. Can I appeal just the sentence, or can I appeal the conviction? I don't know because I've got things that are going two different ways. I mean, circumstantially this looks like he starts his thing in state court where he's got a murder thing, which there are cross-over facts. He hears some of the evidence, and he goes, holy cow, I need to tie all of this up and put it in a bow. So he pleads in state court, then comes over and ties it all up in federal court, and it looks like what everyone's trying to do is bring it all to a halt and end, and here we are. We're just asking this Court to reverse and remand for a hearing on the most of which are the guilty plea. Okay. Thank you for your argument. This matter stands submitted.
judges: Nelson, Tashima, Callahan